Rockingham, }
Dec. 2, 1913. }

ISAAC HERSHBERG & a. *v.* CHARLES A. MORRISON.

ASSUMPSIT, for clothing manufactured by the plaintiffs for the defendant. Trial by jury and verdict for the defendant. Transferred from the April term, 1913, of the superior court by *Young*, J.

The defendant testified that he gave the order for the merchandise to the plaintiffs' traveling salesman, whom he had previously dealt with as the representative of another clothing house which had permitted him to return goods whenever he desired to do so. When the order was given the salesman said he was in a position to use the defendant better than before, and the latter then understood that he had the right to return the whole or any part of the goods. When the goods were delivered in accordance with the order, the defendant found himself overstocked and unable to pay, and at once returned them to the plaintiffs.

The plaintiffs excepted to the denial of a motion for the direction of a verdict in their favor and to the admission of evidence as to the defendant's former custom of returning goods.

*Frink, Marvin & Batchelder*, for the plaintiffs.

*Eastman, Scammon & Gardner*, for the defendant.

PARSONS, C. J. No question of law which requires consideration is presented. Whether the defendant reasonably understood the contract to give him the right of return was a question of fact. That fact being found for him, there was no contract to accept the goods upon delivery. Not having agreed to accept and keep the goods, the defendant is not liable for not doing so. Evidence of the

defendant's general custom was excluded. The salesman's state-
ment that he could use the defendant better than before raised the
question how he had before used him. The defendant could tell
the jury what he knew about it. His credibility was for them.

.        *Exceptions overruled.*

Young, J., did not sit: the others concurred.